Dominic NOVAK, et al., Plaintiffs

v.

CAPITAL MANAGEMENT & DEVELOPMENT CORPORATION, et al., Defendants.

George D. Valdivia, Plaintiff

v.

Capital Management & Development Corporation, et al., Defendants.

Civil Action Nos. 01–00039(HHK/JMF), 01–00456 (HHK/JMF).

United States District Court, District of Columbia.

July 31, 2007.

Ernest Wayne Powell, Powell & Parrish PC, Richmond, VA, Patrick M. Regan, Paul J. Cornoni, Regan Zambri & Long, PLLC, Washington, DC, for Plaintiffs.

William C. Parler, Jr., Parler & Wobber, L.L.P., Thomas Scott Basham, Psoras & Psoras, Towson, MD, Sidney G. Leech, Goodell, Devries, Leech & Dann, LLP, Baltimore, MD, for Defendants.

## MEMORANDUM OPINION and ORDER

FACCIOLA, United States Magistrate Judge.

By my order of April 24, 2007, I ordered Plaintiffs to submit a detailed affidavit listing the fees and expenses incurred in responding to motions filed by the Defendants that I found worthy of sanction. *See Novak v. Capital Mgmt. Dev. Corp.*, 241 F.R.D. 389 (D.D.C.2007). Plaintiffs seek $30,710 in fees and costs.

### I. Preparation of the Fee Petition

According to his affidavit, Patrick M. Regan, Esq., prepared the fee petition by reviewing the file, "including the documentation set forth in our computer and case management system." Affidavit of Patrick M. Regan ¶ 2 (attached to *Plaintiffs' Bill of Costs in Response to this Court's April 24, 2007 Order*) ("Regan Aff."). He made "good faith estimates" of the time spent by his then partner, Jonathan E. Halperin, and from that information he was able to represent the hours that he and Halperin spent on each pleading that Plaintiffs submitted. Regan Aff. ¶ 3. He then made a draft of his affidavit available to Halperin, who reviewed it and concluded that the

hours representing Halperin's work were about 25 percent less than the actual hours spent. *Id.* Regan also indicated that legal assistants "spent approximately 10.5 hours, preparing exhibits, copying the various pleadings, mailing them to defense counsel and filing with the court." Regan Aff. ¶ 10. The results of Regan's analysis are illustrated in the following chart:

| PLEADING | PAGES | HOURS SPENT BY HALPERIN | HOURS SPENT BY REGAN | TOTAL HOURS |
|---|---|---|---|---|
| Plaintiffs' Opposition to Defendants' Motion to Strike Untimely Witnesses | 20 | 13.25 | 2.75 | 16 |
| Plaintiffs' Opposition to Defendants' Motion to Strike Supplemental Answers to Defendants' Interrogatories | 18 | 9.5 | 3 | 12.5 |
| Plaintiffs' Opposition to Defendants' Motion to Strike Plaintiffs' Second Request for Admissions | 6 | 3.75 | 1 | 4.75 |
| Plaintiffs' Opposition to Defendants' Objection to Plaintiffs' Subpoena to Chubb Insurance | 10 | 5.25 | 1.75 | 7 |
| Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion to Strike Defendants' Expert Witnesses | 10 | 4.5 | 2.25 | 6.75 |
| Plaintiffs' Response to Order to Show Cause | 34 | 17.25 | 3.25 | 20.5 |
| Plaintiffs' Reply to Defendants' Response to Order to Show Cause | 6 | 2.75 | 1.25 | 4 |
| Paralegal Work | | | | 10.5 |

## II. Defendants' Opposition

Defendants do not quarrel with the reasonableness of the amount of time spent by Regan, Halperin, or the legal assistants. Instead, Defendants demand that the entire amount of fees be denied because (1) the fees are not based on "any contemporaneous complete or standardized time records that accurately reflect work done by the two attorneys at issue" and (2) there is nothing to establish that the rates Regan seeks for himself, Halperin, and the legal assistants were the rates at which they actually charged the firm's clients or are within what Defendants call "accepted community rates given the attorney's years of practice." *Defendants' Response to Plaintiffs' Bill of Costs in Response to the Order of April 24, 2007* ("Defs.Resp.") at 2, 4.

## III. Sufficiency of the Petition

This fee petition differs from the ones usually submitted to the Court in which the time spent is recounted by date, the nature of the work performed, the attorney performing the work, the hours spent on the task, and the billing rate. *See e.g., Yazdani v. Access ATM,* 474 F.Supp.2d 134 (D.D.C.2007); *McDowell v. District of Columbia,* Civ. No. 02–1119, 2006 WL 1933809 (D.D.C. July 11, 2006). It hardly follows, however, that Regan's different method is so wanting in detail that it warrants denial of the entire amount claimed. As Judge Kollar–Kotelly has cautioned, it is the law of this Circuit that the requirement of submitting detailed records should not be applied in a draconian manner. *See Heard v. District of Columbia,* Civ. No. 02–296, 2006 WL 2568013, 2006 U.S. Dist. LEXIS 62912

(D.D.C. Sept. 5, 2006). Moreover, Regan's submission is nothing like the after-the-fact, casual, and unsubstantiated petitions condemned in the cases to which Defendants attempt to equate it, i.e., *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319 (D.C.Cir.1982) and *Envtl. Def. Fund, Inc. v. EPA*, 672 F.2d 42 (D.C.Cir. 1982). Here, as the chart shows, I know what hours were spent in the preparation of each pleading, how those hours were spent, and the cost of each pleading. While I do not have the specific dates on which the services were rendered as I usually do, I still am able to compare what was done against the number of hours spent and the total fee sought for producing each document. I therefore can assess the reasonableness of each element as in a case where, unlike this one, the defendants specifically challenge the reasonableness of the fees and expenses sought.

But, there simply is no challenge to reasonableness here. To deny the entire petition because the dates the services were provided were not given to me is hopelessly arbitrary and unreasonable.

## IV. The Rate Requested

As noted, Defendants' primary objection to the rates sought is that Regan did not submit adequate evidence of the firm's actual billing practices or hourly rates. But, in fact, Regan did. He stated under oath the billing rates that he, Halperin, and the legal assistants charged, and I do not know what additional evidence Defendants can possibly demand.

 As also noted, Defendants claim that Regan did not submit evidence that the attorneys' rates were, as Defendants put it, commensurate with community rates for the services rendered. Defs. Resp. at 2. But there is no standard rate for attorneys in the District of Columbia. The so called *Laffey* matrix is promulgated by the Civil Division of the United States Attorney's Office to indicate to the bar those rates to which the government will not object when fees are sought are under a fee-shifting statute. *See M.R.S. Enterprises, Inc. v. Sheet Metal Workers' Int'l Assoc.*, Civ. No. 05–1823, 2007 WL 950071 *3 (D.D.C. March 29, 2007). Lawyers, of course, may charge whatever the market will bear. When they file a fee petition, however, counsel are required to substantiate their demand for a particular rate; a lawyer "should be required to state the rate at which he actually billed his time in other cases during the period he was performing the services for which he seeks compensation from defendant." *Nat'l Assoc. of Concerned Veterans*, 675 F.2d at 1326. Once he does so, then his opponent must "go forward with evidence that the rate is erroneous. And when the Government attempts to rebut the case for a requested rate, it must do so by equally specific countervailing evidence." *Id.* Defendants provide no evidence whatsoever that what Regan says was the billing rates were not, let alone any reason to believe that Regan has perjured himself. Accordingly, the billing rate is the appropriate rate of compensation. *See Adolph Coors Co. v. Truck Ins. Exch.*, 383 F.Supp.2d 93 (D.D.C.2005).

## V. Conclusion

For the reasons stated herein, it is hereby ordered Defendants shall pay the fee petition in full for a total of $30,710 in fees and costs to Plaintiffs. A separate judgment to enforce this Order shall be entered by the clerk forthwith.